■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS BROWN, Appellant. [597 NYS2d 434] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered November 21, 1989, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The defendant's contention that the prosecutor exercised peremptory challenges to potential venirepersons in a racially motivated manner, violating the standard established by *Batson v Kentucky* (476 US 79), is supported by the record. The defendant is black. He was tried before a jury composed of 11 whites and one black. During voir dire the prosecutor exercised 13 peremptory challenges. The parties agreed that 9 of those challenges were exercised against blacks.

From these facts, it is clear that the defendant met his initial burden under *Batson v Kentucky* (476 US 79, at 96-98, *supra)* of showing that (1) he was a member of a cognizable

racial group, (2) the prosecutor exercised peremptory challenges to remove one or more members of the defendant's race from the venire, and (3) there exist other facts and relevant circumstances, *i.e.,* the exercise of a disproportionate number of strikes against members of the defendant's racial group, sufficient to raise an inference that the prosecutor used his peremptory challenges to exclude potential jurors because of their race *(see also, People v Childress,* 81 NY2d 263, 266; *People v Bolling,* 79 NY2d 317, 324; *People v Jenkins,* 75 NY2d 550, 555-556). Indeed, the court concluded that the defendant had met his burden of establishing a prima facie case of purposeful racial discrimination when it ordered the prosecutor to set forth the reasons for his peremptory challenges, thus reaching the burden-shifting second stage of the *Batson* analysis *(see, Batson v Kentucky, supra,* at 96-97; *People v Childress, supra,* at 266).

In explaining his choices, the prosecutor failed to give reasons showing that he was devoid of a racial motive in exercising peremptory challenges. For example, he could give no reason at all with respect to his challenge to one black venireperson. That failure in itself is dispositive of the *Batson* issue, as it is improper to exclude "even one member of a group for racial reasons" *(People v Childress, supra,* at 267). Further, the court improperly excused the prosecutor from offering any explanation as to his peremptory challenges to two additional jurors.

Since the case law states unequivocally that a constitutional violation occurs when any member of a cognizable racial group is excluded solely for racial reasons, and since the presumption of purposeful racial discrimination remained unrebutted as to several potential jurors, we find that the court erred in proceeding to trial with this jury. The People concede as much. Accordingly, the defendant's conviction for burglary in the second degree is reversed and a new trial is ordered. Sullivan, J. P., Balletta, Lawrence and Eiber, JJ., concur.