■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASZELL REEDER, Appellant. [634 NYS2d 513] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered May 16, 1994, convicting him of criminal possession of a weapon in the second degree and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the second day of jury selection, the defense counsel pointed out that the prosecutor's last two peremptory challenges had been exercised against blacks and that, he believed, six of the prosecutor's eight challenges on the first day had also been directed at blacks. The court responded that it had already heard the prosecutor's reason for exercising one of his last two peremptory challenges because the prosecutor had previously sought to challenge that prospective juror for cause. The court stated that it would inquire as to the prosecutor's last peremptory challenge, if the defense counsel wished. The prosecutor gave several race-neutral reasons for challenging the prospective juror, which the court accepted.

The defense counsel never objected to the court's ruling accepting the explanations, never requested that the court inquire into the other six challenges exercised on the first day of jury selection, and at no time moved for a mistrial. Under

these circumstances, the defendant's sole contention on this issue, that the court erred by failing to inquire into the other challenges, is unpreserved for appellate review *(see, People v Cruz,* 200 AD2d 581; *People v Bowman,* 185 AD2d 891), and we decline to reach it in the exercise of our interest of justice jurisdiction.

The defendant's challenges to various remarks made by the prosecutor during his summation are, for the most part, unpreserved for appellate review *(see,* CPL 470.05 [2]). The defendant failed to request curative instructions or move for a mistrial once the court sustained his objections and/or issued curative instructions *(see, People v Rodriguez,* 182 AD2d 844; *People v Lewis,* 175 AD2d 885). In any event, while some of the prosecutor's comments were improper, any error was harmless in light of the overwhelming evidence of the defendant's guilt *(see, People v Vasquez,* 212 AD2d 819). O'Brien, J. P., Joy, Altman and Florio, JJ., concur.