■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY STARKS, Appellant. [651 NYS2d 949] —White, J. Appeal

---

from a judgment of the Supreme Court (Teresi, J.), rendered May 12, 1995 in Albany County, upon a verdict convicting defendant of the crimes of grand larceny in the third degree and offering a false instrument for filing in the first degree (two counts).

The initial issue on this appeal concerns Supreme Court's disposition of defendant's *Batson* claim (*Batson v Kentucky*, 476 US 79). For the reasons that follow, we find that Supreme Court's disposition is affected by procedural error.

In *People v Payne* (88 NY2d 172), the Court of Appeals pointed out that the trial court bears the judicial responsibility of ensuring that an adequate record is made to permit meaningful appellate review of a *Batson* challenge (*supra*, at 183-184). In the Court's view, adherence to the three-step protocol developed in *People v Allen* (86 NY2d 101, 109-110) is the best guarantee of an adequate reviewable record (*People v Payne, supra*, at 184).

Here, the record shows that at the conclusion of the second round of jury selection, the prosecutor used his peremptory challenges to excuse all three prospective black jurors. In response to defendant's claim that the prosecutor exercised the peremptory challenges for discriminatory purposes, Supreme Court asked the prosecutor to articulate a neutral explanation for striking the three black jurors. The prosecutor offered specific reasons for excluding two jurors but failed to offer an explanation for the third juror, who was identified as juror No. 2. After defendant indicated that he had nothing further to offer, Supreme Court determined that the People's explanations were nonpretextual and denied the *Batson* challenge.

We have no quarrel with Supreme Court's determination of defendant's challenge to the first two jurors since it completed the three-step protocol. With respect to juror No. 2, however, its determination is procedurally flawed as it did not complete step two, without which its step three finding is meaningless. Accordingly, so that Supreme Court can fulfill its responsibility of insuring that an adequate reviewable record is made (*see, People v Payne, supra*), we remit this matter to Supreme Court for such further proceedings as are necessary to complete the requirements of the *Allen* protocol.

Cardona, P. J., Mikoll and Yesawich Jr., JJ., concur. Ordered that the decision is withheld and matter remitted to the Supreme Court for further proceedings not inconsistent with the Court's decision.