■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS REYES, Appellant. [711 NYS2d 725] —Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered March 12, 1998, convicting defendant, after a jury trial, of robbery in the first degree and sentencing him, as a persistent violent felony offender, to an indeterminate term of from 12 years to life imprisonment, unanimously affirmed.

Near the end of the second round of jury selection, the prosecutor raised an objection that defense counsel had challenged all of the white prospective jurors in violation of *Batson v Kentucky* (476 US 79). During an extensive colloquy, counsel provided purportedly race-neutral reasons for his various challenges and the court accepted counsel's explanations for all except that relating to juror number 13, about whom defense counsel added: "My client thought he [the juror] looked small and diminutive." The court responded: "[I]f we are going to do that, everybody can be excused" and without further discussion ruled that juror number 13 would be seated "over the defense objection."

Despite his current arguments to the contrary, the defen-

dant failed to preserve his current arguments for appellate review (*see*, CPL 470.05 [2]; *People v Payne*, 88 NY2d 172, 182, n 1). Counsel made no formal objection, merely relying upon the court's statements that the juror was to be seated over defendant's objection. Thus, although defendant arguably made his position known that he did not want the juror seated, he never raised any of his current specific claims. We decline to review defendant's current *Batson* claims in the interest of justice, and, even if we did, we would find them to be without merit. The court's implicit rejection, as pretextual, of counsel's explanation for the challenge at issue is entitled to great deference (*see*, *People v Geigel*, 262 AD2d 200, *lv denied* 93 NY2d 1018).

The verdict was not against the weight of the evidence.

Defendant's remaining claims are unpreserved and we decline to review them in the interest of justice. Were we to review them, we would find them to be without merit. Concur—Nardelli, J. P., Tom, Ellerin, Lerner and Andrias, JJ.