■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH LOPEZ, Appellant. [725 NYS2d 339] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered October 23, 1998, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to a term of 7 years, unanimously reversed, on the law, and the matter remanded for a new trial.

The trial court erred here in its ruling pertaining to the Batson v Kentucky (476 US 79) issue. After the prosecutor exercised peremptory challenges to remove three of four black prospective jurors in the first three rounds of jury selection, defense counsel made a Batson objection, noting that the challenged jurors had not indicated that they would have any problem judging the case fairly. Pursuant to the three-step test set out in Batson, the court then found that a prima facie showing had been made that the challenges were race related, shifting the burden to the prosecutor to provide race-neutral explanations for his challenges. The prosecutor provided such an explanation as to the third juror challenged, but not as to

the first two, and the explanation, that he was looking for jurors with at least some college education, ignored the fact that the first two had stated that they had completed two and one years of college, respectively. The court then proceeded to determine, without further inquiry, that no racial discrimination had been proven.

By making its determination without eliciting the prosecutor's race-neutral explanations for his first two peremptory challenges of black prospective jurors, especially given his explanation for the third, the court committed reversible error (*People v Davis*, 253 AD2d 634, 634-635). Contrary to the People's assertion, this error was preserved for our review (*People v Davis*, *supra*; *People v Starks*, 234 AD2d 861, *lv denied* 91 NY2d 836). Concur—Williams, J. P., Wallach, Lerner, Rubin and Friedman, JJ.