■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILCIADES LERRELBOUSE, Appellant. [731 NYS2d 369] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered October 14, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 7 to 14 years, unanimously affirmed.

Defendant's application pursuant to *Batson v Kentucky* (476 US 79) was properly denied. *Batson* held that a prosecutor's use of peremptory challenges cannot be based "solely on account of [potential jurors'] race or on the assumption that black jurors as a group will be unable impartially to consider the State's case against a black defendant." (*Id*. at 89.) There is no proof in this record that the prosecutor used race as a criterion for the exercise of peremptory challenges. Defendant did not substantiate his charge of discrimination (*People v Jenkins*, 84 NY2d 1001, 1002-1003).

Further, appellate review of *Batson* objections requires preservation as mandated by CPL 470.05 (2) (*People v Jones*, 284 AD2d 46), and here, there was none.

Also, a rejection of the claim that use of a peremptory challenge was pretextual is entitled to great deference (*People v Reyes*, 274 AD2d 323, *lv denied* 95 NY2d 870).

We perceive no basis for reduction of sentence. Concur—Tom, J. P., Mazzarelli, Wallach, Buckley and Friedman, JJ.