■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAD R. DALCIN, Appellant. [751 NYS2d 891] —Appeal from a judgment of Livingston County Court (Cicoria, J.), entered October 16, 2001, convicting defendant after a jury trial of, inter alia, burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of burglary in the second degree (Penal Law § 140.25 [2]), grand larceny in the fourth degree (§ 155.30 [8]) and petit larceny (§ 155.25). Defendant is convicted of unlawfully entering the residence of his former girlfriend, taking car keys and $50 from her purse and taking the rental car parked in her driveway. Contrary to defendant's contention, County Court did not err in permitting the People to introduce evidence of defendant's prior bad acts with respect to the victim and her family. The evidence was relevant to demonstrate defendant's motive and intent, and the probative value of that evidence exceeded its potential for prejudice (*see People v Alvino,* 71 NY2d 233, 242). Moreover, any prejudice to defendant was minimized by the court's limiting instructions both during the testimony of the victim's mother and during the court's charge to the jury (*see People v Maddox,* 272 AD2d 884, 885, *lv denied* 95 NY2d 867).

By failing to object to the submission of the verdict sheet to the jury, defendant failed to preserve for our review his contention that the verdict sheet improperly contained the Penal Law classifications for counts one and three of the indictment (*see* CPL 470.05 [2]). In any event, any error is harmless because

the evidence of defendant's guilt with respect to those counts of the indictment is overwhelming and there is no significant probability that defendant would have been acquitted but for the error (*see generally People v Kello*, 96 NY2d 740, 744). The sentence of defendant as a second felony offender is neither unduly harsh nor severe. Present—Hayes, J.P., Wisner, Hurlbutt, Scudder and Gorski, JJ.