■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GAVIN KIRKLAND, Also Known as DENNIS GAVIN, Appellant. [856 NYS2d 339]—

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of four counts of robbery in the second degree (Penal Law § 160.10 [2] [b]) and one count of attempted robbery in the second degree (§§ 110.00, 160.10 [2] [b]). We reject the contention of defendant that the police lacked reasonable suspicion to stop him. A police officer testified at the suppression hearing that, within 30 minutes of the robbery, she observed an individual who matched the description of the perpetrator near a vehicle that also matched the description of the perpetrator's vehicle. We thus conclude that the police had reasonable suspicion to stop defendant based on the totality of the circumstances (*see People v Evans*, 34 AD3d 1301, 1302 [2006], *lv denied* 8 NY3d 845 [2007]; *People v Casillas*, 289 AD2d 1063, 1064 [2001], *lv denied* 97 NY2d 752 [2002]).

Contrary to defendant's further contention, Supreme Court properly refused to suppress the showup identifications of defendant by two of the robbery victims. It is well settled that

"[s]howup identifications 'are strongly disfavored but are permissible if exigent circumstances require immediate identification . . . or if the suspects are captured at or near the crime scene and can be viewed by the witness immediately' " (*People v Johnson*, 81 NY2d 828, 831 [1993]; *see People v Duuvon*, 77 NY2d 541, 544 [1991]). Here, the two showup identifications were conducted approximately one mile from the crime scenes and one hour after the commission of the last robbery, and we conclude that none of the showup identifications was unduly suggestive (*see People v Boyd*, 272 AD2d 898, 899 [2000], *lv denied* 95 NY2d 850 [2000]; *cf. Johnson*, 81 NY2d at 831). Also contrary to defendant's contention, the two photo array identifications of defendant by the two other robbery victims were not unduly suggestive. The individuals depicted in the two photo arrays have similar physical characteristics, and "the viewer's attention is not drawn to defendant's photo in such a way as to indicate that the police were urging a particular selection" (*People v Rogers*, 245 AD2d 1041, 1041 [1997]).

Defendant's contention that the evidence is legally insufficient to support the conviction under count one of the indictment, arising out of the robbery of a convenience store, is not preserved for our review (*see People v Gray*, 86 NY2d 10, 19 [1995]). We reject defendant's further contention that the verdict with respect to that count is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant was not denied effective assistance of counsel inasmuch as none of the errors allegedly committed by defense counsel was so prejudicial as to deprive defendant of a fair trial (*see generally People v Benevento*, 91 NY2d 708, 713-714 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

We reject the further contention of defendant that the court erred in denying his *Batson* challenge. Defendant failed to establish "[t]he more difficult aspect of the prima facie case delineated in *Batson*[, i.e.,] the second element—a showing of 'facts and other relevant circumstances' that would support an inference of impermissible discrimination" (*People v Childress*, 81 NY2d 263, 266 [1993]; *see People v Jones*, 284 AD2d 46, 50 [2001], *affd* 99 NY2d 264 [2002]). Defendant failed to preserve for our review his contention that the verdict sheet improperly contained the name of the victim and the date and location of each robbery (*see People v Dalcin*, 300 AD2d 1129 [2002], *lv denied* 99 NY2d 627 [2003]). He also failed to preserve for our review his contention that he was improperly sentenced as a second felony offender (*see People v Anderson*, 35 AD3d 1209 [2006], *lv denied* 8 NY3d 919 [2007]). We decline to exercise our

power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject defendant's contention that the court erred in imposing consecutive sentences on counts three and four of the indictment (*see People v Brathwaite*, 63 NY2d 839, 843 [1984]), as well as defendant's contention with respect to the imposition of a five-year period of postrelease supervision on count four (*see* Penal Law § 70.45 [former (2)]). We agree with defendant, however, that the sentence is unduly harsh and severe, and we therefore modify the judgment as a matter of discretion in the interest of justice by directing that the sentences imposed on each count of robbery in the second degree shall run concurrently with respect to each other (*see* CPL 470.15 [6] [b]; *People v Foss*, 48 AD3d 1219 [2008]). Present—Martoche, J.P., Lunn, Fahey, Peradotto and Pine, JJ.