■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID RAMOS, Appellant. [936 NYS2d 552]

Contrary to the People's contention, the defendant's claim regarding the denial of his application pursuant to Batson v Kentucky (476 US 79 [1986]) is preserved for appellate review (see People v Davis, 253 AD2d 634, 635 [1998]; cf. People v Smocum, 99 NY2d 418, 423 [2003]; People v James, 99 NY2d 264, 272 [2002]; cf. People v Lugo, 69 AD3d 654 [2010]; People v Patterson, 40 AD3d 659, 659 [2007]; People v Reeder, 221 AD2d 666, 667 [1995]). Furthermore, once the court ordered the prosecutor to set forth the reasons for his peremptory challenges, it effectively found that a prima facie case of discrimina-

tion had been established (*see People v Brown*, 193 AD2d 611 [1993]). Moreover, contrary to the People's contention, the court did not revisit the issue of whether the defendant had established a prima facie case. Thus, the sufficiency of the prima facie showing became moot (*see People v Hecker*, 15 NY3d 625, 652 [2010], *cert denied sub nom. Black v New York*, 563 US —, 131 S Ct 2117 [2011]). The prosecutor offered no explanation for his use of peremptory challenges on two of the five Hispanic prospective jurors at issue and, therefore, the Supreme Court should have granted the defendant's *Batson* application (*see People v Allen*, 86 NY2d 101, 109 [1995]; *People v Brown*, 193 AD2d at 612). Accordingly, the defendant is entitled to a new trial.

In light of the foregoing determination, we need not reach the defendant's claim that the sentence imposed was excessive (*see generally People v Thornton*, 236 AD2d 430, 431 [1997]). Dillon, J.P., Balkin, Leventhal and Chambers, JJ., concur.