■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAKEEM FRAZIER, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA MOODY, Appellant. [2 NYS3d 470]—

Appeals from judgments, Supreme Court, New York County (Ruth Pickholz, J.), rendered September 13, 2011 and September 15, 2011, convicting defendants, after a jury trial, of robbery in the first and second degrees and two counts of criminal possession of stolen property in the fourth degree, and sentencing each defendant to an aggregate term of 10 years, held in abeyance, and the matters remanded for further proceedings pursuant to *Batson v Kentucky* (476 US 79 [1986]).

In determining defendants' *Batson* application, the court did not follow the standard protocols, and it prematurely terminated the proceeding. Although the court did not make a specific ruling that defendants satisfied step one of *Batson* (prima facie case of discrimination), once it ordered the prosecutor to provide the reasons for his peremptory challenges to two of the six panelists who were the subject of defendants' application, it should have required the prosecutor to articulate his reasons for striking the remaining four panelists, as defendants specifically requested. The court also improperly denied the defense an opportunity to show that the prosecutor's proffered race-neutral reasons for striking the panelists were pretextual (*see People v Smocum*, 99 NY2d 418, 423 [2003]). Contrary to the People's assertion, these errors were preserved for our review.

Accordingly, we remand for further *Batson* proceedings. This is the appropriate remedy under the circumstances presented (*see e.g. People v Payne*, 88 NY2d 172, 186-187 [1996]; *People v Hawthorne*, 80 NY2d 873, 874 [1992]), and we reject defendants' arguments that they have already established their entitlement to new trials. Concur—Acosta, J.P., Renwick, Feinman, Clark and Kapnick, JJ.