■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENGHIS KHAN, Appellant. [46 NYS3d 622]—Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered September 17, 2013, convicting him of criminal possession of a controlled substance in the second degree and unlawful possession of marijuana, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 15 years followed by a period of five years of post-release supervision on the conviction of criminal possession of a controlled substance in the second degree and a fine of $100 on the conviction of unlawful possession of marijuana.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the term of imprisonment imposed on the conviction of criminal possession of a controlled substance in the second degree from a determinate term of imprisonment of 15 years to a determinate term of imprisonment of 10 years; as so modified, the judgment is affirmed.

The defendant was a passenger in a vehicle that was stopped by a State Trooper for a traffic violation. The defendant was removed from the vehicle and placed in the back of a State Police vehicle. Two State Troopers testified that they observed the defendant, while seated in the back of the State Police vehicle, attempting to conceal or dispose of a package containing white powder. That substance was subsequently determined to be cocaine. During a search of the defendant at a State Police station, a State Trooper recovered a small amount of marijuana from his clothing.

The County Court did not err in excusing a certain prospective juror, in effect, for cause on the ground that the juror's statements indicated that she "ha[d] a state of mind that [was] likely to preclude [her] from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]; see People v Scott, 16 NY3d 589, 595 [2011]; People v Johnson, 94 NY2d 600, 614 [2000]). The challenge for cause to the subject juror was not untimely (see CPL 270.15 [4]; see also People v Harris, 57 NY2d 335, 350 [1982]).

The County Court improperly conducted an ex parte conference with the prosecutor as to whether the subject prospective juror should be excused. Nonetheless, the court subsequently disclosed to the defense the substance of that conference. Further, as the subject prospective juror was ultimately

properly excused for cause, the action of the court in conducting the ex parte conference did not result in prejudice, and does not warrant reversal under the circumstances (*see People v Christie*, 241 AD2d 699, 701 [1997]; *People v Williams*, 162 AD2d 649 [1990]).

The County Court erred in finding that the defendant's *Batson* application (*see Batson v Kentucky*, 476 US 79 [1986]) was untimely. A *Batson* challenge is timely where it is made prior to the commencement of trial, as was done here (*see People v Scott*, 70 NY2d 420, 425 [1987]; *People v Ramirez*, 295 AD2d 542 [2002]; *People v Campos*, 290 AD2d 456, 457 [2002]). The defendant properly preserved for appellate review his contention as to the allegedly improper use of peremptory challenges by the People (*see People v Ramos*, 91 AD3d 674 [2012]; *People v Davis*, 253 AD2d 634, 635 [1998]). However, the defendant failed to meet his prima facie burden of setting forth facts supporting an inference of discrimination (*see People v Hecker*, 15 NY3d 625, 653 [2010]; *People v Green*, 141 AD3d 1036 [2016]; *People v Fryar*, 29 AD3d 919, 920-921 [2006]).

The County Court did not improvidently exercise its discretion nor violate the defendant's right of compulsory process in denying his motion to subpoena a certain witness pursuant to CPL 650.20 or to depose that witness pursuant to CPL 680.10 (*see People v Bradford*, 300 AD2d 685, 686 [2002]; *People v Rosenthal*, 207 AD2d 364 [1994]).

The defendant's contention, raised in his pro se supplemental brief, that the County Court failed to comply with the procedure for handling jury notes set forth by the Court of Appeals in *People v O'Rama* (78 NY2d 270, 277-278 [1991]) is without merit. Contrary to the defendant's contention, the court did not fail to meaningfully respond to the jury note in question (*cf. People v Kisoon*, 8 NY3d 129, 133, 135 [2007]).

However, the sentence imposed was excessive to the extent indicated herein. Rivera, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.