People v Vazquez (2019 NY Slip Op 07183)





People v Vazquez


2019 NY Slip Op 07183


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND TROUTMAN, JJ.


890 KA 16-01906

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SEBASTIAN VAZQUEZ, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN N. MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered September 23, 2016. The judgment convicted defendant, upon his plea of guilty, of assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a plea of guilty of assault in the first degree (Penal Law § 120.10 [1]), defendant contends that his plea was not knowing, voluntary and intelligent and that Supreme Court erred in denying his motion to withdraw the plea. We affirm.
Defendant's contention that his plea was involuntary because he suffered from a mental disease or defect that negated an element of the crime is not preserved for our review because he did not move to withdraw his plea or to vacate the judgment of conviction on that ground, and this case does not fall within the rare exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 665-666 [1988]). We decline to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). Although defendant preserved his further contention that his plea was involuntary due to his alleged mental deficiencies and drug use by moving to withdraw the plea on the ground that those conditions led to his purported lack of understanding of the plea proceedings (see People v Jackson, 163 AD3d 1273, 1274 [3d Dept 2018], lv denied 32 NY3d 1065 [2018]), the court did not err in denying the motion without a hearing inasmuch as those allegations were belied by defendant's statements and actions during the proceedings (see People v Lewicki, 118 AD3d 1328, 1329 [4th Dept 2014], lv denied 23 NY3d 1064 [2014]; People v Watkins, 107 AD3d 1416, 1417 [4th Dept 2013], lv denied 22 NY3d 959 [2013]).
Contrary to defendant's further contention, we conclude that the plea was not "rendered involuntary by [the court's] initial reluctance to accept the plea agreement. Courts are not required to accept [a] defendant's . . . guilty plea merely because the plea bargain had been found acceptable to both the prosecution and defense' " (People v Russell, 55 AD3d 1314, 1315 [4th Dept 2008], lv denied 11 NY3d 930 [2009]). Here, inasmuch as defendant's initial statements to the court indicated that he did not understand the proceedings, the court properly permitted him to discuss the matter with defense counsel and, after a discussion with "defense counsel concerning [the sentencing parameters of the plea], defendant proceeded with the colloquy with no further indication of any confusion" (People v Ernst, 144 AD3d 1605, 1607 [4th Dept 2016], lv denied 28 NY3d 1144 [2017]).
Defendant further contends that the court abused its discretion in failing to sua sponte order a competency evaluation pursuant to CPL article 730. We reject that contention. "Ordering a competency examination under CPL 730.30 (1) lies within the sound discretion of [*2]the trial court . . . A defendant is presumed to be competent . . . , and the court is under no obligation to issue an order of examination . . . unless it has reasonable ground[s] . . . to believe that the defendant was an incapacitated person' " (People v Morgan, 87 NY2d 878, 879-880 [1995]). Here, inasmuch as "[n]othing on the face of the record demonstrates that defendant lacked a rational understanding of the nature and consequences of his plea" (People v Karlsen, 147 AD3d 1466, 1468 [4th Dept 2017], lv denied 29 NY3d 1082 [2017]), the court had no duty to inquire into defendant's mental capacity to plead guilty (see People v Thomas, 139 AD3d 986, 986-987 [2d Dept 2016], lv denied 27 NY3d 1156 [2016]).
We reject defendant's contention that the court erred in failing to substitute counsel in place of his second assigned attorney. His request for that attorney to be relieved consisted of conclusory assertions of ineffectiveness of counsel, which were insufficient to require any inquiry by the court (see People v Porto, 16 NY3d 93, 100-101 [2010]; Lewicki, 118 AD3d at 1329). Moreover, defendant's contention that his second assigned attorney had a conflict of interest lacks merit because that contention is based on events that did not occur until after the court denied that request.
Contrary to defendant's further contention, the court properly refused to suppress the showup identification of him by an eyewitness to the crime. Prior to that showup identification, the police conducted a showup procedure with the victim, which was reasonable under the circumstances because it was conducted in "geographic and temporal proximity to the crime" (People v Brisco, 99 NY2d 596, 597 [2003]; see People v Kirkland, 49 AD3d 1260, 1260-1261 [4th Dept 2008], lv denied 10 NY3d 961 [2008], cert denied 555 US 1181 [2009]; People v Davis, 48 AD3d 1120, 1122 [4th Dept 2008], lv denied 10 NY3d 957 [2008]). Defendant's contention that the identification procedure with the eyewitness was unnecessary lacks merit. That identification procedure, like the identification procedure with the victim, took place in spatial and temporal proximity to the crime (see People v Johnson, 164 AD3d 1593, 1594 [4th Dept 2018], lv denied 32 NY3d 1173 [2019]; cf. People v Knox, 170 AD3d 1648, 1649-1650 [4th Dept 2019]), and it was also conducted "in the course of a continuous, ongoing investigation' " (People v Lewis, 97 AD3d 1097, 1098 [4th Dept 2012], lv denied 19 NY3d 1103 [2012], quoting Brisco, 99 NY2d at 597).
Finally, the sentence is not unduly harsh or severe.
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court