People v Julio (2023 NY Slip Op 04349)

People v Julio

2023 NY Slip Op 04349

Decided on August 17, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 17, 2023

Before: Manzanet-Daniels, J.P., Kapnick, González, Shulman, Higgitt, JJ. 

Ind No. 1662/18, 1003/18 Appeal No. 282-283 Case No. 2019-03821, 2019-03852 

[*1]The People of the State of New York, Respondent,
v
Michael Julio, Defendant-Appellant.
The People of the State of New York, Respondent,
v
Troy Harrell, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (David Crow of counsel) and Selendy Gay Elsberg PLLC, New York (Claire Elizabeth O'Brien of counsel), for Michael Julio, appellant.
Jenay Nurse Guilford, Center for Appellate Litigation, New York (Elizabeth Lagerfeld of counsel), for Troy Harrell, appellant.
Alvin L. Bragg, Jr., District Attorney, New York ( Sheila O'Shea of counsel), for respondent.

Judgments, Supreme Court, New York County (Ruth Pickholz, J.), rendered May 20, 2019, as amended May 22, 2019, convicting defendants, after a jury trial, of robbery in the first degree, robbery in the second degree (two counts), and attempted gang assault in the first degree, and sentencing them, as a second violent felony offender and a second felony offender, respectively, to aggregate terms of 12 years, unanimously reversed, on the law, and as a matter of discretion in the interest of justice, and the matter remanded for a new trial.
This appeal concerns the propriety of the trial court's denial of defendants' applications pursuant to Batson v Kentucky (476 US 79 [1986]). "Analysis of a Batson objection should be done through the exploration of three broad questions, namely: (1) has a prima facie showing been made that challenges have been exercised based on race; if so, (2) has a race-neutral explanation been tendered; and, (3) has defendant nonetheless proven purposeful discrimination" (People v Jones, 284 AD2d 46, 47 [1st Dept 2001], affd sub nom. People v James, 99 NY2d 264 [2002]).
The People exercised their peremptory challenges on two nonwhite prospective jurors in the first round of jury selection, one nonwhite prospective juror in the second round, and two nonwhite prospective jurors in the third round. After the People struck the two panelists from the third round, defense counsel made an application pursuant to Batson as to the five prospective nonwhite jurors stricken from the three rounds. Defense counsel stated: "that will be a total of . . . five non-white jurors that were struck by the People, and there have not been that many non-white potential jurors we have seen." Defense counsel added, "so out of the 11 strikes, five of them were for non-white jurors," and "I believe that makes a prima facie case regarding the protective class".[FN1] The court responded: "Let's talk about this round only." The People proceeded to proffer reasons for striking only the two panelists from the third round. The defense renewed its Batson challenge when the prosecution struck a sixth nonwhite potential juror in a subsequent round, stating that the People "are deliberately striking non-white jurors." The court specifically stated it was "not going to address that" and defense counsel noted their exception.
Defendants contend that the court failed to follow the proper Batson protocol when it asked the People to offer race-neutral reasons for striking only two of the challenged prospective jurors. While defense counsel did not specifically articulate this argument after the court limited the inquiry to "this round only," they later renewed their Batson challenge after the People's striking of a subsequent panelist. To the extent that this argument is unpreserved, we reach it in the interest of justice.
The trial court erred in denying defendants an opportunity to present their full Batson challenge when it improperly limited the [*2]inquiry to only two of the challenged prospective jurors. As this Court held in People v Frazier (125 AD3d 449, 449 [1st Dept 2015]), "[a]lthough the court did not make a specific ruling that defendants satisfied step one of Batson (prima facie case of discrimination), once it ordered the prosecutor to provide the reasons for his peremptory challenges to two of the . . . panelists who were the subject of defendants' application, it should have required the prosecutor to articulate his reasons for striking the remaining . . . panelists, as defendants specifically requested." The People argue that unlike Frazier, the trial court here simply directed the parties to focus on the panelists challenged in round three of jury selection and the prosecutor volunteered race-neutral reasons without being ordered to do so. This is a distinction without a difference. As in Frazier, once the trial court asked the prosecutor to offer race-neutral reasons for striking two of the prospective jurors, it should have also requested an explanation for striking the remaining panelists that were part of the same application. The court failed to do so, and consequently, the case should be remanded for a new trial.
Because we are ordering a new trial, we find it unnecessary to reach any other issues, except that we find that the verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT. 
ENTERED: August 17, 2023

Footnotes

Footnote 1: The Court of Appeals has held that "color has been recognized as a category upon which discriminatory practices have been based, including exclusion from jury service" and thus has "extend[ed] the application of Batson to challenges based on color to ensure that the jury is not used as a tool to accomplish such discrimination" (People v Bridgeforth, 28 NY3d 567, 572-573 [2016]).