■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY HARRIS, Appellant.—Judgment unanimously reversed as a matter of discretion in the interest of justice and new trial granted. Memorandum: The issue of when an objection pursuant to *Batson v Kentucky* (476 US 79) must be made to be considered timely has never been fully answered in this State. We conclude that, to be timely, an objection must be made before the jury, or the last juror, including alternates, is sworn. The purpose of requiring a prompt objection to the discriminatory exercise of peremptory challenges is to permit the court to conduct a hearing at the earliest opportunity while matters are fresh in the minds of the participants, especially the Trial Judge. Further, requiring that the objection be made before the jury is finally sworn will prevent any delay in starting the trial if a new venire must be drawn *(see,*

*Williams v State,* 530 So 2d 881 [Ala], *cert denied* — US —, 109 S Ct 1159; *United States v Erwin,* 793 F2d 656, 667, *cert denied* 479 US 991).

In the present case, defendant presented a prima facie claim of discrimination *(Batson v Kentucky,* 476 US 79, *supra; People v Scott,* 70 NY2d 420). However, because defendant's *Batson* claim was not made until after the court's preliminary instructions and the parties' opening statements, it has not been preserved for our review. This trial, however, predated the Supreme Court's decision in *Batson;* thus, defense counsel had no precedent upon which to rely in making a mistrial motion.

We exercise our discretion in the interest of justice (CPL 470.15 [6]) and reach defendant's valid *Batson* claim. The Trial Judge is now deceased, some four years have elapsed since the trial, and there is no indication that the circumstances surrounding the exercise of the peremptory challenges can be reconstructed. Under the circumstances, remittal for a hearing would be inappropriate *(see, People v Scott, supra).*

Accordingly, the judgment is reversed and a new trial granted. (Appeal from judgment of Supreme Court, Monroe County, Kennedy, J.—robbery, third degree; criminal mischief, fourth degree.) Present—Dillon, P. J., Doerr, Boomer, Lawton and Davis, JJ.