■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS FRYE, Appellant. [595 NYS2d 84] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered June 15, 1989, convicting him of attempted murder in the first degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to concurrent indeterminate terms of 25 years to life imprisonment on the conviction of attempted murder in the first degree, 12-½ to 25 years imprisonment on the conviction of attempted murder in the second degree, and 5 to 15 years imprisonment on the conviction of criminal possession of a weapon in the second degree.

Ordered that the judgment is modified, on the law, by reducing the indeterminate term of imprisonment imposed on the conviction of attempted murder in the second degree from 12-½ to 25 years imprisonment to 8-⅓ to 25 years imprisonment; as so modified, the judgment is affirmed.

We agree with the trial court that the prosecutor's peremptory challenges were sufficient to raise an inference of purposeful discrimination (see, Batson v Kentucky, 476 US 79; People v Bolling, 79 NY2d 317; People v Hameed, 183 AD2d 847). However, bearing in mind that the Batson Court specifically "declined to express any view on what appropriate action a trial court should take in the event the prosecution fail[ed] to rebut a defendant's prima facie showing of racial discrimination in the use of peremptory challenges" (People v Kern, 149 AD2d 187, 228), we find that the trial court's

remedy of discharging the three jurors selected on the day the discrimination was revealed, but retaining three other jurors who had been selected on a previous day of jury selection was proper, and afforded the defendant his right to equal protection. It was not shown that the selection of the first three jurors had in any way been tainted by the alleged discrimination.

We further find that there was no other violation of the defendant's statutory or due process rights during jury selection *(see, People v Mitchell,* 80 NY2d 519; *cf., People v Sloan,* 79 NY2d 386).

Contrary to the defendant's further contention, we find that the trial court's denial of his request for a competency hearing, pursuant to CPL 730.30, constituted a proper exercise of discretion. The record fails to establish that the defendant was unable to " 'consult with his lawyer with a reasonable degree of rational understanding' " or that he lacked a " 'rational as well as a factual understanding of the proceedings against him' " *(People v Picozzi,* 106 AD2d 413; *People v Savona,* 176 AD2d 362).

We do agree with the defendant, as conceded by the People, that "the court erred in imposing a minimum term that was one-half of the maximum term upon the defendant's conviction of attempted murder in the second degree" *(People v Pride,* 173 AD2d 651, 652). Accordingly, the term for attempted murder in the second degree count should be reduced from 12-½ to 25 years imprisonment to 8-⅓ years to 25 years imprisonment. There is no basis to otherwise modify the sentence *(see, People v Delgado,* 80 NY2d 780).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review (CPL 470.05 [2]) or without merit. Thompson, J. P., Sullivan, O'Brien and Copertino, JJ., concur.