■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY SEELEY, Also Known as GREGORY SEALY, Appellant. [604 NYS2d 98] —Judgment, New York County Supreme Court (Budd Goodman, J.) rendered November 15, 1991, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of five to ten years, unanimously affirmed.

In this buy and bust operation, the People's evidence established that defendant was the steerer who approached the undercover officer, and directed the officer to co-defendant Jackson, who actually executed the drug sale. Viewing the evidence in a light most favorable to the People, and giving due deference to the jury's findings on credibility, under the standard set forth in *People v Bleakley* (69 NY2d 490, 495), the evidence overwhelmingly established that defendant acted in concert with co-defendant Jackson, whose conviction was recently affirmed (198 AD2d 5).

The prosecutor erred by failing to provide adequate CPL 710.30 (1) (a) notice to defendant that the prosecutor would

elicit testimony from a police officer that defendant conceded his ownership of a walkman, which had been one of the elements of the People's identification evidence. The trial court initially granted defendant's motion for a mistrial. However, when the court indicated that defendant would be immediately retried, defendant withdrew his motion for a mistrial, stating his belief that the evidence, thus far, was favorable to defendant.

Since defendant failed to challenge the court's ruling, which granted a mistrial but did not dismiss the indictment, and withdrew the mistrial motion, he has failed to preserve any challenge to the court's ruling, and we decline to review in the interest of justice. Were we to review defendant's contention that a retrial would have been barred by the doctrine of double jeopardy, we would find it meritless as there is no indication of prosecutorial bad faith (see, Oregon v Kennedy, 456 US 667, 679).

We have examined defendant's remaining contentions. Most are unpreserved; none warrant reversal. Concur—Ellerin, J. P., Wallach, Kupferman and Nardelli, JJ.