■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD ROBINSON, Appellant. [640 NYS2d 613] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered September 8, 1994, convicting him of criminal possession of stolen property in the fourth degree and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court correctly determined that the People made a prima facie showing of purposeful discrimination by the defense in the latter's use of its peremptory challenges to exclude white, male prospective jurors *(see, People v Bolling,* 79 NY2d 317). While the explanations offered by the defense were facially neutral, satisfying the defendant's burden under the second prong of the *Batson* analysis *(see, Batson v Kentucky,* 476 US 79, 96-98; *People v Allen,* 86 NY2d 101, 109), the People met their burden of showing, under the third prong of the analysis, the pretextual nature of the defendant's explanation that one prospective juror who was a white-collar worker could not "identify" with the defendant *(see, People v Allen, supra,* at 104). It is at this stage of the *Batson* analysis that "implausible or fantastic justifications may (and probably will) be found to be pretexts for purposeful discrimination" *(see,*

*Purkett v Elem,* 514 US —, —, 115 S Ct 1769, 1771). The defense did not question this prospective juror with respect to his ability to "identify" with the defendant. Additionally, the defense counsel's statement that he did not "get a good feel" from this prospective juror was purely intuitive (*see, People v Richie,* 217 AD2d 84). Accordingly, the court correctly denied the defendant's challenge to that prospective juror and seated him.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Sullivan, Joy and Florio, JJ., concur.