■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD SMITH, Appellant. [699 NYS2d 104] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered April 2, 1997, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

After the first round of jury selection, the prosecutor peremptorily challenged four prospective jurors. The court noted that "[t]hey are all black", and the defense counsel asked for race-neutral reasons for challenging the prospective jurors. The prosecutor was unable to recall a race-neutral reason for challenging one of those prospective jurors, and the court ordered that prospective juror seated. She proffered race-

neutral reasons for challenging two of the other prospective jurors. With respect to the fourth prospective juror, the prosecutor noted "he's a postal worker * * * I had experience with them on juries before and based upon my past experience I don't * * * relate to them well when they're on a jury". The defense counsel objected, arguing that the prosecutor's challenge based on her dislike of postal workers was not race-neutral. However, the court accepted the prosecutor's reason.

Thereafter, the prosecutor peremptorily challenged two additional black prospective jurors. The trial court found that the challenge to one of those prospective jurors was pretextual (see, People v Allen, 86 NY2d 101, 110), and restored that juror to the jury.

Where a peremptory challenge is based upon a prospective juror's employment, the concerns regarding the employment must be related to the factual circumstances of the case, and the qualifications of the juror to serve on that case (see, People v Russo, 243 AD2d 658; People v Dalhouse, 240 AD2d 420; People v Louis, 239 AD2d 435). Here, the prosecutor made no effort to explain how a prospective juror's employment as a postal worker related to the facts of the case, or to the juror's qualifications. No relationship between the prospective juror's employment as a postal worker and the instant case is apparent from the record. Thus, the nature of the prospective juror's employment was not a "legitimate basis upon which to exclude him or her from the jury" (People v Richie, 217 AD2d 84, 88). This pretextual explanation alone suffices to warrant reversal of the defendant's conviction (see, People v Bolling, 79 NY2d 317; People v Dalhouse, supra). In any event, it should be noted that the prosecutor's challenge to this prospective juror was part of a pattern of intentional discrimination against black prospective jurors, which resulted in the trial court rejecting two of the prosecutor's other peremptory challenges.

The defendant's remaining contentions are either without merit or need not be addressed in light of our determination. Thompson, J. P., Joy, Krausman and Goldstein, JJ., concur.