■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID RIVERS, Appellant. [722 NYS2d 520] —Judgment, Supreme

Court, Bronx County (Phylis Skloot Bamberger, J.), rendered July 2, 1998, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him to a term of 3 to 6 years, consecutive to a term of 1 to 3 years for violation of probation, unanimously affirmed.

Defendant challenges rulings made by the court pursuant to *Batson v Kentucky* (476 US 79), in which the court refused to disallow peremptory challenges by the People and disallowed a peremptory challenge by the defense. However, after making its final *Batson* ruling the court offered to declare a mistrial and begin jury selection anew. Since defendant rejected this offer, which would have provided a reasonable remedy for all of his *Batson* and "reverse-*Batson*" claims, we conclude that these claims were waived (*see, People v Albert*, 85 NY2d 851; *People v Seeley*, 199 AD2d 7, *lv denied* 83 NY2d 810). In any event, we find that none of these claims warrants reversal.

With respect to defendant's *Batson* application, the record supports the court's findings that the prosecutor provided gender-neutral, nonpretextual reasons for the peremptory challenges in question and those findings are entitled to great deference on appeal (*People v Hernandez*, 75 NY2d 350, *affd* 500 US 352). In making this credibility determination, the court was entitled to consider the totality of the prosecutor's comments. Defendant's claim that the court improperly followed the three-step *Batson* protocol in that it should have granted his application solely on the basis of an alleged concession of bias made by the prosecutor at the outset of the *Batson* colloquy is unpreserved (*see, People v Swails*, 250 AD2d 503, *lv denied* 92 NY2d 906), and we decline to review it in the interest of justice. Were we to review this claim, we would reject it.

With respect to the People's *Batson* application, the issue of whether the People made a prima facie showing of discrimination is moot because the court ruled on the ultimate issue of intentional discrimination (*People v Payne*, 88 NY2d 172, 182). The record supports the court's finding of pretext.

There was legally sufficient evidence of the element of physical injury. The jury could have reasonably concluded that the victim's bloody stab wounds, which required stitching and produced scars, caused both impairment of physical condition and substantial pain (*see, People v Tejeda*, 78 NY2d 936; *People v Rojas*, 61 NY2d 726).

We have considered and rejected defendant's remaining claims. Concur—Nardelli, J. P., Andrias, Wallach, Lerner and Rubin, JJ.