■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HYMES, Appellant. [722 NYS2d 759] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered October 22, 1998, convicting him of criminal sale of a controlled substance in the third degree and criminal facilitation in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith, and the appeal is held in abeyance in the interim.

During the first round of jury selection, the People used a peremptory challenge to strike the first black prospective juror on the jury panel. In the second round, the People attempted to strike a black prospective juror and the defendant made a *Batson* application (*see, Batson v Kentucky,* 476 US 79). The court disallowed that peremptory challenge on an unrelated, procedural ground (*see,* CPL 270.15 [2]). In the third round of jury selection, the People used a peremptory challenge to strike the third black prospective juror, and the defendant made another *Batson* application. The court held that the defendant had not established a prima facie case of discrimination. Nevertheless, the court put the People on notice that it would "revisit" the *Batson* issue if a pattern eventually developed. When the People used a peremptory challenge to strike the fourth black prospective juror, the defendant asked, "Does the court see a pattern as yet, Your Honor?" The court held that a pattern had developed which established a prima facie case of discrimination, and the People were required to provide a non-pretextual race-neutral explanation for the challenge, which the court accepted. The People also used a peremptory challenge against the fifth black prospective juror on the panel. However, the court sustained the defense counsel's *Batson* objection, and did not permit the People to strike that prospective juror.

On appeal, the defendant contends that the court erred in failing to hold that a prima facie case of discrimination had been established in the third round of jury selection. We agree that a pattern of discrimination had developed (*see, People v Jenkins,* 75 NY2d 550; *People v Rodriguez,* 211 AD2d 275). The case must be remitted to the Supreme Court, Queens County, for a hearing to afford the People the opportunity to establish a nonpretextual race-neutral explanation for the exercise of their peremptory challenge of the black prospective juror in round three of jury selection (*see, People v Jenkins, supra*; *People v Pagano,* 207 AD2d 685; *People v Rodriguez, supra*).

We decide no other issues at this time. O'Brien, J. P., Santucci, Florio and Schmidt, JJ., concur.