■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN FRANCIS, Also Known as ALPHONSO LESTER, Appellant.

[731 NYS2d 706] —Judgment, Supreme Court, New York County (Michael Obus, J.), rendered July 27, 1998, convicting defendant, after a jury trial, of burglary in the first degree and robbery in the first and second degrees, and sentencing him, as a persistent violent felony offender, to three concurrent terms of 25 years to life, unanimously affirmed.

Since defendant did not contest the race-neutral explanation offered by the prosecutor for the peremptory challenge at issue, defendant's claim pursuant to *Batson v Kentucky* (476 US 79) is unpreserved (*People v Allen*, 86 NY2d 101, 111), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the record supports the court's determination that the explanation was not pretextual. The record is clear that the prosecutor's explanation was based in large part upon the demeanor of one prospective juror and the bias of another, factors which the trial court has the unique opportunity to observe (*see, People v Barnes*, 261 AD2d 281, *lv denied* 93 NY2d 1014).

There was legally sufficient evidence to sustain the conviction on the burglary count. Contrary to defendant's argument, unlawful entry was clearly established (*see, People v Quinones*, 173 AD2d 395, *lv denied* 78 NY2d 972). The People established that defendant had no license or privilege to enter the building, and defendant's suggestion that the victim may have permitted defendant to enter the building as she entered is not supported by the record.

Defendant's intimidation of witnesses through telephone calls from Riker's Island supported the trial court's decision to allow the witness's Grand Jury testimony to be read to the jury. Defendant's own conduct resulted in his forfeiting the right of confrontation (*People v Geraci*, 85 NY2d 359).

The challenged portions of the prosecutor's cross-examination of defendant generally constituted proper impeachment based on prior inconsistent testimony (*see, People v Skinner*, 277 AD2d 27, *lv denied* 96 NY2d 806) or matters to which defendant had opened the door, and did not deprive defendant of a fair trial.

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is unpreserved for appellate review and, in any event, is without merit (*see, People v Rosen*, 96 NY2d 329, *cert denied* — US —, 122 S Ct 224).

We have considered and rejected defendant's remaining claims, including those contained in his *pro se* supplemental brief. Concur—Williams, J. P., Andrias, Wallach, Lerner and Marlow, JJ.