■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK TORRES, Appellant. [734 NYS2d 174] —Judgment, Supreme Court, Bronx County (Robert Straus, J.), rendered February 25, 2000, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 22 years to life, unanimously affirmed.

The court properly exercised its discretion in precluding defendant from eliciting various instances of his cooperation with the police, offered as "consciousness of innocence" evidence. "There is a clear distinction between evidence of flight, which tends to show the consciousness of guilt, and contrary evidence which might show a clever attempt to avoid the consequences of the crime by assuming the appearance of innocence." (*People v Curtiss*, 118 App Div 259, 263.) A person involved in criminal activity has a strong incentive to feign nonchalance upon contact with the authorities, and such conduct would constitute a self-serving assertion of innocence that would constitute inadmissible hearsay (*see, People v Perry*, 223 AD2d 479). Accordingly, evidence of consciousness of innocence is inadmissible except under "peculiar circumstances" not present here (*People v Curtiss, supra*, at 263; *cf. United States v Biaggi*, 909 F2d 662, 689-691 [2d Cir 1990], *cert denied* 499 US 904 [refusal of immunity admissible as consciousness of innocence evidence under circumstances presented]).

The court also properly exercised its discretion in precluding certain cross-examination of the prosecution witnesses concerning a motive to falsify since the questioning was based on speculation and lacked a good faith basis, and the probative value of the matters sought to be elicited was outweighed by the danger that the main issues would be obscured and the

jury confused (*see, People v George*, 197 AD2d 588, *lv denied* 83 NY2d 852; *see also, People v Harrell*, 209 AD2d 160, *affd* 86 NY2d 806).

The court properly granted the People's application made pursuant to *Batson v Kentucky* (476 US 79). Although the reasons proffered by defense counsel for the challenge at issue were race neutral, the record supports the court's conclusion that they were pretextual, a credibility determination entitled to great deference (*see, People v Torres*, 284 AD2d 105, *lv denied* 96 NY2d 908). The reasons advanced by defense counsel lacked factual support in the record. In particular, although defense counsel asserted that one of his reasons for challenging the juror at issue was that he was childless and therefore would not have enough familiarity with young people to properly evaluate the testimony of the teenage witnesses, the record reveals that counsel failed to ask any follow-up questions of the juror on this point (*see, People v Robinson*, 226 AD2d 561, *lv denied* 88 NY2d 884). Moreover, similarly situated non-Caucasian jurors were not challenged (*see, People v Allen*, 86 NY2d 101, 110; *People v Wooley*, 249 AD2d 46, *lv denied* 92 NY2d 863).

We perceive no basis for reduction of sentence. Concur—Sullivan, P. J., Nardelli, Mazzarelli, Rubin and Saxe, JJ.