■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVA CAMPOS, Appellant. [736 NYS2d 108] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered July 14, 2000, convicting her of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Hanophy, J.), of that branch of the defendant's omnibus motion which was to suppress her statements to law enforcement authorities.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

After the prosecutor made peremptory challenges to seven black prospective jurors, the defendant raised *Batson* challenges (*see, Batson v Kentucky,* 476 US 79) concerning two of them. With regard to a prospective juror who was a student obtaining a social work degree, the prosecutor stated that social workers were within a category of people he did not want on the jury. The defendant argued that the prospective juror's employment status should not eliminate her from the jury. As to a second prospective juror who was a teacher, the prosecutor

stated that teachers tended to be biased against the prosecution. The Supreme Court accepted the prosecutor's explanations.

"Where a peremptory challenge is based upon a prospective juror's employment, the concerns regarding the employment must be related to the factual circumstances of the case, and the qualifications of the juror to serve on that case" (*People v Smith,* 266 AD2d 570, 571; *see, People v Robinson,* 226 AD2d 561; *People v Bennett,* 206 AD2d 382). Here, the prosecutor did not relate the employment status of the two prospective jurors to the facts of the case, and no such relationship is apparent from the record. Given the prosecutor's pretextual explanations as to those two prospective jurors, we reverse and order a new trial (*see, People v Robinson, supra; People v Bennett, supra*). The defendant's *Batson* challenges were timely, since they were made before the end of jury selection (*see, People v Scott,* 70 NY2d 420, 425; *People v Davis,* 253 AD2d 634, 635).

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress her statements to law enforcement authorities. Under the circumstances of this case, the defendant's statements were voluntary (*see, People v Whiten,* 183 AD2d 865, 866; *People v Sohn,* 148 AD2d 553, 556; *People v Henry,* 132 AD2d 673, 675). Santucci, J.P., Smith, Crane and Cozier, JJ., concur.