█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELEVTEIO RAMIREZ, Appellant. [744 NYS2d 683] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered September 22, 1999, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Queens County, to hear and report on the prosecutor's exercise of the two remaining peremptory challenges against potential black jurors, and the appeal is held in abeyance in the interim. The Supreme Court, Queens County, is to file its report with all convenient speed.

After the codefendant made a *Batson* application (*see Batson v Kentucky,* 476 US 79), the trial court required the prosecutor to provide race neutral reasons for only three out of five contested challenges. Subsequently, the defendant also made a *Batson* application and argued that the prosecutor should have been required to provide race neutral reasons for the remaining challenges. The trial court denied the application.

Contrary to the trial court's conclusion, the defendant's *Batson* challenge was timely since it was made prior to the commencement of the trial (*see People v Scott,* 70 NY2d 420, 425; *People v Campos,* 290 AD2d 456, 457; *People v Davis,* 253 AD2d 634, 635). Furthermore, by requiring the prosecutor to provide race neutral reasons for only three out of the five contested challenges, "the presumption of purposeful racial discrimination remained unrebutted as to several potential jurors" (*People v Brown,* 193 AD2d 611, 612; *see People v Manswell,* 223 AD2d 561). Therefore, the matter must be remitted for an evidentiary hearing where the prosecutor shall articulate reasons for the remaining challenges, and the appeal is held in abeyance in the interim (*see People v Manswell, supra*; *People v Guzman,* 251 AD2d 680, 681).

In view of the above determination, we reach no other issues at this juncture. Santucci, J.P., Altman, H. Miller and Cozier, JJ., concur.