THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HYMES, Appellant. [744 NYS2d 905] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered October 22, 1998, convicting him of criminal sale of a controlled substance in the third degree and criminal facilitation in the fourth degree, upon a jury verdict, and imposing sentence. By decision and order of this Court, dated April 9, 2001, the appeal was held in abeyance and the matter was remitted to the Supreme Court, Queens County, to hear and report on the prosecutor's exercise of a peremptory challenge against a potential black juror (*People v Hymes,* 282 AD2d 546). The Supreme Court has filed its report.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied his *Batson* challenge (*see Batson v Kentucky,* 476 US 79). The prosecutor advanced sufficient race-neutral

reasons for exercising a peremptory challenge against the subject juror, and the burden then shifted to the defendant to prove that the peremptory challenge was used in a racially-discriminatory fashion (*see People v Payne,* 88 NY2d 172). The defendant failed to satisfy his burden of proving that the explanations given by the prosecutor were pretextual (*see People v Payne, supra; see generally Hernandez v New York,* 500 US 352, 364-365).

The defendant further contends that reversal is warranted because of improper comments made by the prosecutor during the opening statement and summation. Although some of the comments were improper, in view of the overwhelming evidence of the defendant's guilt, any error was harmless (*see People v Crimmins,* 36 NY2d 230). Santucci, J.P., Florio, O'Brien and Schmidt, JJ., concur.