■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE BATTLE, Appellant. [749 NYS2d 571] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered August 10, 2000, convicting him of resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith, and the appeal is held in abeyance in the interim.

Upon the prosecutor's sixth peremptory challenge to a black prospective juror, the defendant made a *Batson* application, arguing that the prosecutor should be required to provide race-neutral reasons for all six challenges (*see Batson v Kentucky,* 476 US 79). The trial court required the prosecutor to provide race-neutral reasons only for the last challenge.

Contrary to the trial court's conclusion, the defendant's *Batson* application was timely, since it was made before the end of jury selection (*see People v Ramirez,* 295 AD2d 542; *People v Campos,* 290 AD2d 456, 457; *People v Harris,* 151 AD2d 961). By requiring the prosecutor to set forth race-neutral reasons for only one of the six contested challenges, "the presumption of purposeful racial discrimination remained unrebutted as to several potential jurors" (*People v Brown,* 193 AD2d 611, 612). Thus, the matter is remitted to the Supreme Court, Queens County, for a hearing to afford the People the opportunity to establish nonpretextual race-neutral reasons for the remaining challenges (*see People v Ramirez, supra* at 684; *People v Hymes,* 282 AD2d 546, 547). Smith, J.P., Goldstein, McGinity and Mastro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL BELL, Appellant. [749 NYS2d 731] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated November 6, 1995 (*People v Bell,* 221 AD2d 348), affirming a judgment of the County Court, Nassau County, rendered August 9, 1993.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes,* 463 US 745). Santucci, J.P., Altman, Florio and Friedmann, JJ., concur.