■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE CHIN, Appellant. [771 NYS2d 158]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Braun, J.), rendered May 29, 2001, convicting him of criminal sale of marijuana in the third degree and criminal sale of marijuana in the fourth degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the second round of jury selection, defense counsel raised a *Batson* objection (*Batson v Kentucky,* 476 US 79 [1986]), claiming that the prosecutor was using his peremptory challenges to systematically exclude both black and Hispanic persons from the jury. After determining that the defendant established a prima facie case of discrimination, the trial court required the prosecutor to offer race-neutral reasons for striking one black and two Hispanic prospective jurors in the first round of jury selection, and one Hispanic prospective juror in the second round. The trial court subsequently ruled that the explanation provided by the prosecutor for striking an Hispanic prospective juror during the first round of selection was pretextual, and

that the defendant was entitled to a remedy. However, since the subject juror had already been excused and was no longer available for service, the trial court concluded that granting the defense one additional peremptory challenge would be an appropriate remedy.

On appeal, the defendant contends that granting him one additional peremptory challenge was an inadequate remedy for the *Batson* violation found by the trial court. We disagree. Although a defendant may raise a *Batson* claim at any point during the jury selection process (*see People v Battle,* 299 AD2d 416 [2002]; *People v Ramirez,* 295 AD2d 542 [2002]; *People v Campos,* 290 AD2d 456 [2002]; *People v Harris,* 151 AD2d 961 [1989]), by making his challenge after the first round jurors had already been excused, the defendant limited the remedies available to the trial court. Where, as here, disallowing an improper challenge and seating the subject juror is not a feasible option because the juror has been released from service, several courts have recognized that granting additional peremptory challenges to the defendant may be an acceptable remedy (*see McCrory v Henderson,* 82 F3d 1243 [1996]; *Koo v McBride,* 124 F3d 869 [1997]; *Caston v Costello,* 74 F Supp 2d 262 [1999]). "[B]earing in mind that the *Batson* court specifically 'declined to express any view on what appropriate action a trial court should take in the event the prosecution fail[ed] to rebut a defendant's prima facie showing of racial discrimination in the use of peremptory challenges' " (*People v Frye,* 191 AD2d 581 [1993], quoting *People v Kern,* 149 AD2d 187, 228[1993]), we find that the trial court's remedy of granting the defendant an additional peremptory challenge was proper, and afforded the defendant his right to equal protection. Smith, J.P., Krausman, Luciano and Crane, JJ., concur.