■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN PATTERSON, Appellant. [785 NYS2d 513]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered May 5, 2003, convicting him of rape in the first degree, robbery in the first degree, assault in the first degree, sexual abuse in the first degree, and coercion in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

"Where a peremptory challenge is based upon a prospective juror's employment, the concerns regarding the employment must be related to the factual circumstances of the case, and the qualifications of the juror to serve on that case" (People v Campos, 290 AD2d 456, 457 [2002] [internal quotation marks omitted]; People v Smith, 266 AD2d 570, 571 [1999]; see People

*v Richie,* 217 AD2d 84 [1995]). Here, the defendant failed to relate the employment status of the juror whom he wished to challenge to the facts of the case, and no such relationship is apparent on the record. Thus, the Supreme Court properly denied the defendant's peremptory challenge to this juror, as his explanation for the challenge was a pretext for gender discrimination (*see People v Payne,* 88 NY2d 172 [1996]).

The defendants's constitutional challenge to his adjudication as a mandatory persistent violent felony offender is unpreserved for appellate review and, in any event, is without merit (*see People v Rosen,* 96 NY2d 329, 335 [2001], *cert denied* 534 US 899 [2001]; *People v Norris,* 5 AD3d 796 [2004], *lv denied* 3 NY3d 645 [2004]; *People v Hyatt,* 2 AD3d 749 [2003]; *People v Bryant,* 2 AD3d 741 [2003]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Santucci, J.P., Adams, Cozier and Rivera, JJ., concur.