■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUSON BUTLER, Also Known as HASOUN BUTLER, Appellant. [790 NYS2d 479]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosengarten, J.), rendered January 14, 2003, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal sale of a controlled substance in or near school grounds (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Ordinarily, when a defendant raises a contemporaneous *Batson* challenge (*see Batson v Kentucky,* 476 US 79 [1986]) to the prosecutor's alleged use of a racially-discriminatory peremptory challenge, the appropriate remedy is to strike the challenge and seat the juror (*see People v Dancy,* 247 AD2d 305 [1998]; *People v Steans,* 174 AD2d 582 [1991]; *People v Irizarry,* 165 AD2d 715 [1990]). However, as we recently observed in *People v Chin* (3 AD3d 574 [2004]), when a defendant delays in raising a *Batson* challenge until subsequent rounds of voir dire after the relevant jurors have been excused, the defendant limits the remedies available to the trial court.

Here, insofar as is relevant, at the conclusion of round three of voire dire, the defendant challenged the peremptory removal of two black females from round two. Recognizing that neither juror could be seated at that time, the trial court determined that the defendant's application was untimely. However, as a *Batson* claim may be raised at any time during the jury selection process, the application was timely (*see People v Battle,* 299 AD2d 416 [2002]; *People v Ramirez,* 295 AD2d 542 [2002]; *People v Campos,* 290 AD2d 456 [2002]; *People v Harris,* 151 AD2d 961 [1989]). Nevertheless, the defendant's present contention that the trial court should have declared a mistrial or granted him

additional peremptory challenges is unpreserved for appellate review as he never requested this or any relief from the trial court (*see People v Smith,* 81 NY2d 875 [1993]; *People v Fuller,* 302 AD2d 405 [2003]; *People v Francis,* 287 AD2d 396 [2001]; *People v McLeod,* 281 AD2d 325 [2001]; *People v Smith,* 226 AD2d 566 [1996]; *People v McCargo,* 226 AD2d 480 [1996]). In any event, reversal is not warranted in the exercise of our interest of justice jurisdiction. Schmidt, J.P., S. Miller, Mastro and Fisher, JJ., concur.