[840 NYS2d 589]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN LUCIANO, Appellant.

First Department, August 2, 2007

**APPEARANCES OF COUNSEL**

*Robert S. Dean, Center for Appellate Litigation,* New York City (*Carol A. Zeldin* of counsel), for appellant.

*Robert T. Johnson, District Attorney*, Bronx (*Jennifer Mari-naccio* and *Stanley R. Kaplan* of counsel), for respondent.

**OPINION OF THE COURT**

MALONE, J.

In this case of apparent first impression, we are asked to determine, in a situation where the use of peremptory challenges is found to be discriminatory, known as a *Batson* or reverse-*Batson* violation (*Batson v Kentucky*, 476 US 79 [1986]), whether forfeiture of the peremptory challenges used to unsuccessfully strike the prospective jurors is an appropriate remedy. In the absence of any present appellate or statutory authority, we cannot endorse the forfeiture of improperly used peremptory strikes as a penalty for a *Batson* or reverse-*Batson* violation. Accordingly, we reverse and remand for a new trial.

At the beginning of jury selection, among the questions posed by defense counsel to the panelists were whether they thought that a witness who took the stand under oath was more likely than not to tell the truth (the oath question), and whether, not yet having heard any evidence, they thought that defendant was guilty, not guilty, or did not know (the guilt question). During the first round of jury selection, defendant exercised peremptory challenges against all five of the female panelists. The People, pursuant to *Batson*, objected to the challenges against juror numbers 1, 6, 12, 13 and 14, arguing that the challenges constituted a discriminatory pattern on the basis of gender. The court accepted defense counsel's explanation for three of the women and rejected as pretextual his explanations for the other two. Specifically, defendant challenged juror number 6 because she was raised in Rockland County and lived in Parkchester, the Bronx, from which he concluded that she was conservative, and she answered the oath question affirmatively, and juror number 1 because of her affirmative answer to the oath question and her response, "I don't know" to the guilt question. Pointing out the inconsistencies in defendant's explanations, the court noted that defendant had challenged neither juror number 9, who also lived in Parkchester, nor juror number 5, who also answered the oath question affirmatively and gave the same response to the guilt question as juror number 1. In response, counsel stated:

> "Judge, I can only do what I can do with the amount
> of peremptory that I have left. Given the best of
> times, I would have struck [juror number 5]. I have

to be left with someone . . . . If that's what carries the day, I will strike [him] . . . if that's what persuades you that my strike against [juror number 6] was pretextual. I am telling you I take the best of the worst. I am prepared to strike [her]."

The court sat juror numbers 1 and 6. Thereafter, the following colloquy transpired:

"COUNSEL: My strikes don't count?

"COURT: Your strikes count. They were exercised. They count. That's the law. You exercised eight strikes.

"COUNSEL: You are going to reseat two of them?

"COURT: You used them. You don't get the benefit for exercising strikes from [*sic*] a discriminatory manner. They count. That's the law. . . .

"COUNSEL: Why is it that I am penalized those two strikes which I have not allowed to be made?

"COURT: . . . The law is that if you exercise the strikes and you determine them to be having made on a discriminatory basis, you forfeit those rights. If you want to look at it overnight and have some case law that goes the other way, I will be happy to look at it tomorrow."

Defense counsel neither presented case law nor raised the issue again.

Assuming without deciding that the court's reverse-*Batson* ruling was correct, we find that its remedy for the violation—not returning to defendant the peremptory challenges used to challenge juror numbers 1 and 6 in addition to seating them—was error. Had the court limited its remedy only to seating juror numbers 1 and 6, a remedy routinely used by the courts (*see People v Perez*, 37 AD3d 152, 155 [2007]; *People v Butler*, 15 AD3d 415, 415 [2005], *lv denied* 4 NY3d 884 [2005]; *People v Steans*, 174 AD2d 582, 583 [1991], *lv denied* 78 NY2d 1015 [1991]), we would find it clearly appropriate. Additional remedies available to the trial courts, where seating the subject juror is not a feasible option, have been held to include declaring a mistrial and beginning jury selection anew (*see People v Rivers*, 281 AD2d 342, 343 [2001], *lv denied* 96 NY2d 906 [2001]), granting the violated party an additional peremptory challenge (*People v Chin*, 3 AD3d 574, 575 [2004], *lv denied* 2 NY3d 761 [2004]),

or where a finding of jury discrimination is not made until after the conclusion of the trial, reversal of the conviction (*People v Irizarry*, 165 AD2d 715, 718 [1990]). However, no appellate court has approved the remedy of forfeiture following a discriminatory use of a peremptory challenge.* We decline to do so.

CPL 270.25 provides that a party *must* be allowed the requisite number of peremptory challenges and that, upon a peremptory challenge, the court *must* exclude the person challenged. Thus, once the court seated juror numbers 1 and 6, the court should have merely disallowed defendant's peremptory challenges, but not counted them as used. By not returning two of the peremptory challenges to defendant upon the court's seating of juror numbers 1 and 6, CPL 270.25 was violated and defendant was effectively denied the total number of peremptory challenges he was entitled to thereunder.

In view of this disposition, we need not reach defendant's remaining contentions.

Accordingly, the judgment, Supreme Court, Bronx County (Michael R. Sonberg, J.), rendered April 12, 2004, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree and assault in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 15 years and 7 years, respectively, should be reversed, on the law, and the matter remanded for a new trial.

Tom, J.P., Sullivan, Williams and Buckley, JJ., concur.

Judgment, Supreme Court, Bronx County, rendered April 12, 2004, reversed, on the law, and the matter remanded for a new trial.

---

* We note that in *People v Johnson* (196 Misc 2d 417 [Sup Ct, Kings County 2003]), the court reinstated jurors who had been improperly struck, ruling that the peremptories used against these jurors would be forfeited. However, we decline to follow it (*but cf. United States v Ramirez-Martinez*, 273 F3d 903, 910 [9th Cir 2001], *cert denied* 537 US 930 [2002]).