SUMMARY ORDER
Petitioner-Appellant Hasoun Butler appeals from a judgment of the United States District Court for the Eastern District of New York (Block, J.), entered on December 28, 2006, 2006 WL 3733787, denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We assume the parties’ familiarity with the facts and procedural history of the case.
Butler argues that he was denied due process because the New York trial court did not fashion a remedy for the alleged *401 Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), violations. When Butler raised the same constitutional claim on direct review before the New York Appellate Division, that court found the claim to be unpreserved for appellate review because he never requested relief in the form of a mistrial or additional peremptory challenges from the trial court. People v. Butler, 15 A.D.3d 415, 790 N.Y.S.2d 479, 480-81 (App.Div.), leave to appeal denied, 4 N.Y.3d 884, 798 N.Y.S.2d 729, 831 N.E.2d 974 (2005).
The New York court’s finding that Butler’s claim was unpreserved for appellate review is an independent and adequate state ground that bars a federal court from granting habeas relief. See Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Butler argues that the Appellate Division’s conclusion that his claim was unpreserved for appellate review was erroneous, and thus should not bar habeas review. This contention has no merit. “In conducting ha-beas review, a federal court is limited to deciding whether a conviction violated the constitution, laws, or treaties of the United States.” Estelle v. McGuire, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); see, e.g., Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 46 L.Ed.2d 162 (1975); 28 U.S.C. § 2241(c)(3). “[Federal habeas corpus relief does not lie for errors of state law.” Estelle, 502 U.S. at 67, 112 S.Ct. 475 (internal quotation marks omitted); see also id. at 67-68, 112 S.Ct. 475 (“reempha-siz[ing] that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions”). In any event, the decision of the Appellate Division on Butler’s appeal was consistent with New York Law. Compare People v. McLeod, 281 A.D.2d 325, 722 N.Y.S.2d 507, 508 (App.Div.2001) (“In the absence of a particularized objection to the adequacy of the remedial measures adopted by the court in response to the Batson issue ..., the issue is unpreserved for appellate review.”), with People v. Perez, 37 A.D.3d 152, 829 N.Y.S.2d 61, 63-64 (App.Div.2007) (Batson argument as to two previously-excused jurors is preserved for appellate review where defendant requested from the trial court either that “the court ... find those jurors ... and seat them” or a mistrial); see also People v. Medina, 53 N.Y.2d 951, 441 N.Y.S.2d 442, 424 N.E.2d 276 (1981) (concluding that claim of prosecutorial misconduct was preserved where defendant sought no additional remedy for the misconduct from the trial court). Thus, an independent and adequate state ground precludes federal habeas review.
That Butler was granted an exception does not change the analysis. The exception cannot preserve arguments that were never made and were not expressly decided by the court. We have no difficulty concluding that the trial court did not contemplate, because Butler did not request, the remedies now sought. The only relief Butler sought was to avoid the prosecutor’s striking of a specific juror. The trial court could not have predicted that Butler would have wanted the remedies now sought and, under the New York preservation rule, the trial court was not obliged to make such a prediction.
Finally, Butler has neither demonstrated cause and prejudice, nor demonstrated that a miscarriage of justice will result if we do not consider his claims. See Coleman, 501 U.S. at 750, 111 S.Ct. 2546. Accordingly, we find that the district court properly denied Butler’s habeas petition.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.